4-4815

Opinion delivered November 15, 1937.

*Chas. A. Walls,* for appellant.
*George F. Hartje,* for appellees.

Butler, J. The appellant, Roy High, was employed by Lonoke county in 1927 as supervisor of the county roads, bridges and machinery, and was so employed when J. V. Crutcher was elected county judge of that county and took office in 1933. Thereafter the appellant was continued in his employment at a salary of $110 per month until later, when, because of increased duties on account of the illness of Judge Crutcher, his salary was increased to $125 per month. This salary was paid out of the county road funds. Appellant's work required him to go over all parts of the county for which he furnished his own car and operated it at his own expense. During the course of his employment, the county became financially embarrassed and, although there was a sufficient amount in the road improvement fund to pay his salary, at the suggestion of Judge Crutcher he deferred demanding it in order that the fund might be used for other much needed purposes. The result was that in August, 1936, there was due him on his salary the sum of $1,087.50. In October, 1935, the Works Progress Administration began to aid the county in the improvement of its roads, co-ordinating its work with that of the county and paying appellant $65 per month to assist in that work. A Mr. Harmon was in charge of WPA in Lonoke county. At this time Judge Crutcher was unable, on account of his illness, to go over the details of the proposed projects and would refer the WPA administrator to the appellant, who would

attend to the business for him. The county furnished the road machinery of which appellant had charge. In addition to the work on the roads, the appellant worked on levies and drainage ditches for the county and in this character of work the WPA, as for road projects, furnished the labor and certain materials.

On the 13th day of August, 1936, appellant filed his claim in the county court. At this time Judge Crutcher was confined to his home. Accordingly, appellant and other claimants went to his residence, where the judge allowed the claims as of August 10, 1936, the last day upon which the court was presumably open. Because appellant had doubts as to the method and manner of the allowance, he refiled his claim with the clerk of the county court. After this, because of his continued ill health, Judge Crutcher resigned and J. M. Malone was appointed as his successor. Judge Malone refused to act upon appellant's claim and mandamus was sued out of the circuit court. In obedience to its order, Judge Malone proceeded to act on the claim, disallowing it. Appeal was taken to the circuit court where the claim was allowed in the sum of $470, the court finding that the claim, as filed against the county, should be credited with the sum of $617.50, the amount received by appellant from the WPA as compensation for services rendered it while he was in the employment of Lonoke county.

From so much of the judgment of the lower court which credits the amount of appellant's claim with the sum of $617.50, the appellant prayed and perfected his appeal to this court. No appeal has been prosecuted by the county. Therefore, the only matter before us is the correctness of the judgment in diminishing appellant's claim in the amount he had received from the WPA. For that reason, we cannot consider the points raised by counsel for the county in his brief challenging the legality of appellant's demand.

The majority of the court is of the opinion, to which Justices SMITH, BAKER and the writer do not agree, that the credit allowed appellant in favor of the county is proper because the services rendered the WPA by him were those which he had already been employed by the

county to perform, that the time used in discharging his work for the WPA was the county's time and whatever sums he received from the WPA belonged in fact to the county.

Judgment affirmed.